IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORRAINE CHAVEZ DAVIS,

    Plaintiff,

v.                                                                                                                  Civ. No. 18-228 KK

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A) with Supporting Memorandum ("Motion"), filed October 16, 2020. (Doc. 35.) The Commissioner filed a Response on October 22, 2020, and stated that although he is not a party to § 406(b) fee awards and generally takes no position on such petitions, "he defers to the Court's sound discretion as to the reasonableness of the fee award." (Doc. 36 at 1.) Having considered Plaintiff's Motion and the relevant law, the Court finds Plaintiff's Motion is well taken and will be **GRANTED**.

## BACKGROUND

On March 6, 2018, Plaintiff Lorraine Chaves Davis ("Ms. Davis") entered into a contingency fee agreement with attorney Francesca J. MacDowell for representation in the United States District Court. (Doc. 35-1 at 1.) Pursuant to that contract, on March 8, 2018, Ms. MacDowell instituted this action on Ms. Davis's behalf seeking judicial review of the denial of her claims for disability benefits. (Doc. 1.) On June 27, 2019, the Court issued its Memorandum Opinion and Order granting Ms. Davis's Motion to Reverse and Remand for a Rehearing. (Doc.

30.) Ms. Davis subsequently filed an unopposed motion for attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. 33.) The Court granted Ms. Davis's EAJA motion and awarded her $7,000.00 in attorney fees. (Doc. 34.) However, Ms. Davis did not receive these fees because the United States Department of the Treasury garnished them pursuant to the Treasury Offset Program. (Doc. 35 at 4, 35-2 at 1.)

On remand, the ALJ issued a favorable decision finding Ms. Davis disabled since December 2012. (Doc. 35-3 at 1.) On October 10, 2020, the Social Security Administration sent Ms. Davis a Notice of Award stating that it had withheld 25 percent of her past due benefits, or $19,558.65, to cover her attorney fees for work performed. (Doc. 35-3 at 3.) Plaintiff's counsel, Ms. MacDowell, now seeks an order authorizing fees pursuant to 42 U.S.C. § 406(b) in the amount of $8,000.00 for 39.60 hours of work she performed before this Court. (Doc. 35 at 1, Doc. 35-4 at 1-2.)

## **LEGAL STANDARD**

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Courts may award fees for representation in court proceedings under § 406(b) when, as in this case, "the court remands a…case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute requires that a fee award for representation before a court be "reasonable" and limits the award to no more than 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A).

While § 406(b) permits contingency-fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements meet the statute's reasonableness requirement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25 percent of past-due benefits are reasonable. *Id*. at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.* The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

## REASONBLENESS DETERMINATION

The fee agreement Ms. Davis entered into with Ms. MacDowell provides that she "agree[s] to pay my attorney twenty-five percent (25%)" of all past-due benefits. (Doc. 35-1 at 1.) In its Notice of Award, the Social Security Administration stated that it withheld twenty-five percent of

past due benefits, or $19,558.65, in order to pay counsel's fee. (Doc. 35-3 at 3.) Thus, with Ms. Davis's total past-due benefits being approximately $78,234.60, the total fees of $8,000.00 sought by counsel for work performed in this Court amounts to approximately 10.22 percent of past-due benefits. (Doc. 35 at 1, Doc. 35-3.) Counsel's representation before this Court was efficient in the number of hours spent, and more than adequate in yielding a favorable decision. Although counsel requested two extensions of time for briefing that totaled five weeks, this minimal delay under the circumstances of this case is not the type that would cause the Court to reduce the requested fee based on a concern of unfair profiteering from the accumulation of benefits. (Docs. 22, 23, 24, 25, 35 at 3.)

Counsel's fee request of $8,000 is not disproportionately large in comparison to the amount of time spent on the case—39.60 hours or $202.02 per hour—and results in a lower hourly rate than many other § 406(b) awards authorized in this District. *See, e.g.*, *Valdez v. Barnhart*, USDC Civ. No. 00-1777 MV/LCS (Docs. 26-27) (awarding $645.16 per hour); *Montes v. Barnhart*, USDC Civ. No. 01-578 BB/KBM (Doc. 22) (awarding $701.75 per hour); *Monger v. Astrue*, USDC Civ. No. 13-156 JB/CG (Doc. 37) (awarding $673.07 per hour); *Gallegos v. Colvin*, USDC Civ. No. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Osborn v. Berryhill,* USDC Civ. No. 15-cv-1069 KBM (Doc. 32) (awarding $636.90 per hour). The Court finds that counsel's fee request is reasonable.

Counsel's fee request was also filed within a reasonable time after Ms. Davis received notice of entitlement to past-due benefits.  The Notice of Award is dated October 10, 2020, and counsel filed the present Motion six days later, on October 16, 2020. (Doc. 35, Doc. 35-3 at 1.) Finally, although fees awarded under both the EAJA and § 406(b) typically require the attorney to refund the lesser award to the claimant, because the EAJA fees were not received, there are no

EAJA funds to refund to Ms. Davis. *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006).

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 35) is **GRANTED.** The Court hereby authorizes **$8,000** in attorney fees for legal services rendered in the United States District Court to be paid by the Social Security Administration out of the funds it withheld from Ms. Davis's past-due benefits.

      **IT IS SO ORDERED.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE